UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK JONES,

                       Plaintiff,

         -against-

LETTIERI CONSTRUCTION, INC., THOMAS
LETTIERI, and DEBRA LETTIERI,

                      Defendants.
------------------------------------------------------------------X

**ORDER**
17-2407 (DRH) (ARL)

**LINDSAY, Magistrate Judge:**

      Plaintiff brings this action alleging, *inter alia*, that he was not paid overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"). Before the Court, on referral from District Judge Hurley, is the parties' joint motion for judicial approval of their settlement agreement.

      In determining whether to approve the settlement, the Court is guided by the principles set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) and *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). The Court must begin by assessing whether the agreement is fair and reasonable by examining the bona fides of the dispute. *See Moreno v. Nassau Country Club,* No. 12 CV 5324, 2013 WL 5788730, *1 (E.D.N.Y. Sept. 26, 2013). In determining whether the agreement reflects a reasonable compromise of the plaintiff's claims, the Court should consider the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Beckert v. Rubinov*, No. 15 CV 1951, 2015 WL 6503832, at *1 (S.D.N.Y. Oct. 27, 2015) (quoting

*Wolinsky*, 900 F. Supp. 2d at 335) (internal quotation marks and further citation omitted).  The joint motion does not address these factors.  For example, the parties do not identify any bona fide disputes, the plaintiff's range of possible recovery, or the seriousness of the litigation risks faced by the parties, among other factors.

In addition, counsel's fee award is unsupported.  Fee awards should "generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done."  *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998); *see also Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 305 (E.D.NY. 2015) (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)).  "[E]ven where a court employs the percentage method, it must 'cross-check' the percentage fee award against the lodestar to ensure reasonability."  *Flores*, 104 F. Supp. 3d at 308 (citing *Wal‒Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 123 (2d Cir. 2005)).  Here, given the absence of contemporaneous time records, the Court cannot do so.  In addition, there is no information in the record as to the billing attorneys' credentials and experience.  Thus, the Court cannot determine if the rates sought are reasonable.  *See Hugee v. Kimso Apartments, LLC*, 852 F. Supp. 2d 281, 291 (E.D.N.Y. 2012) ("The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed.").

Lastly, paragraph ten of the proposed settlement agreement contains a mutual non-disparagement clause.  Courts have held that such restrictions on communications are contrary to the remedial aims of the FLSA absent a carve-out for truthful statements.  *See*, *e.g.*, *Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

Paragraph ten contains no such provision.

Accordingly, the parties are directed to file supplemental papers in support of their proposed settlement on or before February 16, 2018.

Dated: Central Islip, New York **SO ORDERED:**
       January 26, 2018

                                                         _____/s_____
                                                         ARLENE R. LINDSAY
                                                         United States Magistrate Judge